**FILED**

JUN 7 - 2012

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) |
| | ) |
| STANLEY MARSHALL, | ) |
| Defendant. | ) |
| | ) |

Criminal No. 99-00262-01 (TFH/AK)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge by the Honorable Thomas F. Hogan for a Hearing on Violation of Defendant's supervised release and a Report and Recommendation.

### I. Background

On December 16, 1999, Mr. Marshall was sentenced to 108 months imprisonment to be followed by 60 months supervised release, following his conviction for Unlawful Distribution of Cocaine Base in Excess of 5 Grams, in violation of 21 U.S.C. §§841(a)(1)& (b)(1)(B)(iii). At the time of sentencing, the trial court imposed a special assessment of $100.00 and the following special conditions:

- drug and alcohol treatment
- domestic violence treatment

Supervision began on May 24, 2007 and was scheduled to terminate on May 23, 2012.

By Memorandum to the trial court dated January 11, 2012, the Probation Officer advised that on December 2, 2011, the Defendant was detained by a member of the Arlington Police Department, Arlington, Virginia, during a random traffic stop and charged with Driving on a Suspended License Without Notice. Mr. Marshall was subsequently released and given a summons to appear in the Arlington General District Court on January 31, 2012.

On December 24, 2012, during a scheduled home visit, Mr. Marshall provided the Probation Office with the summons issued to him on December 2, 2011 for Driving on a Suspended License. The summons indicated a court date and Mr. Marshall advised the Probation Officer that his license was suspended prior to the December 2, 2011 traffic stop. Mr. Marshall also told the Probation Officer that following the traffic stop, he went to the Virginia Department of Motor Vehicles ("DMV") and paid fees in the amount of $1,150.00 to have his license reinstated. He showed the Probation Officer a copy of the receipt received from DMV which showed the required amount was satisfied.

It appears that the driving license was suspended as a result of a lapse in Mr. Marshall's automobile insurance. Mr. Marshall's automobile insurance has been restored and is current.

On March 10, 2009, Mr. Marshall was arrested by a member of the Fairfax County, Virginia Police Department and charged with Malicious Shoot/Throw at a Train/Car. On June 29, 2009, he was convicted of Disorderly Conduct in the Fairfax County General District Court in Fairfax County, Virginia. Mr. Marshall was sentenced to 180 days incarceration, 12 months unsupervised probation, and fined $72.00.

On July 13, 2010, June 14, October 17, and November 3, 2011, Mr. Marshall tested positive for marijuana. On November 15, 2010, Mr. Marshall told the Probation Officer that he had been under a great deal of stress since the birth of his child, and he was offered one-on-one therapy sessions with Mr. Farone, the in-house therapist. Mr. Marshall declined the offer of the therapy sessions.

On September 26, 2011, the Probation Officer met with Mr. Marshall and issued a verbal reprimand as a result of his denial of drug use on June 14, 2011. On September 26, 2011,

Defendant was referred for urine testing at the Renaissance Medical Group. On November 8, 2011, the Probation Officer learned that Mr. Marshall's urine tests submitted on October 17 and November 3, 2011 returned positive for marijuana. The Probation Officer again contacted the Defendant on November 9, 2011, and set up a three-way meeting with the Supervising United States Probation Officer. During the three-way meeting, Mr. Marshall admitted to his use of marijuana and drinking large amounts of liquid in an attempt to mask his drug use. He was advised that the Court would be notified should he continue to test positive for drug use.

The Probation Officer noted in her Memorandum that Mr. Marshall maintained a stable residence with his girlfriend and infant daughter in Arlington, Virginia. He has also maintained stable employment with the Starving Students Moving Company as a driver since July 20, 2007. Mr. Marshall is paid $11.00 per hour. The Probation Officer spoke to Mr. Marshall's supervisor on August 26, 2011 and was told that Mr. Marshall was a hard-working dependable employee. Because of his positive drug tests, Mr. Marshall was placed in group counseling to further address his drug abuse issues. He confirmed that he attributed his drug use to an immature method of coping with the stress of providing for his family.

## II. Hearing on Violation of Supervised Release

A hearing on the Defendant's alleged violation of his supervised release was held by the undersigned on May 30, 2012. Mr. Marshall was represented by counsel. At the Hearing on Violation, the Probation Officer noted that Mr. Marshall was in full compliance with the terms and conditions of his supervised release. He has tested negative for five previous months, he had completed his fifty hours of community service, and he also completed his Renaissance program. The Probation Officer recommended that Mr. Marshall's supervised release be deemed

-3-

completed.  The Government concurs in the recommendation of the Probation Officer.

III. Recommendation

It was also the recommendation of the undersigned that Mr. Marshall's supervised release be terminated as of the concurrence of the trial court with the recommendation of the Probation Office.  If the trial court concurs with that recommendation, the undersigned also recommends that Mr. Marshall not be required to return to court.

DATED: June 4th, 2012

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

SEEN AND APPROVED:

DATED: _June 5, 2012_____

_____
HONORABLE THOMAS F. HOGAN
UNITED STATES DISTRICT COURT JUDGE

-4-